IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| JULIE M. and TODD M. ADAMS, | : | C.A. 08-cv-00180 |
| | : | (Originally C.A. 06-40197 ( MA)) |
| | : | |
| Plaintiffs, | : | Transferred to Judge Aspen for |
| | : | Pretrial Proceedings under |
| VS. | : | MDL # 1715, Lead Case |
| AMERIQUEST MORTGAGE CO., | : | C.A. 05-07097 |
| WASHINGTON MUTUAL BANK, | : | |
| and DOES 1-5 | : | |
| | : | |
| | : | |
| Defendants | : | |

## AMENDED COMPLAINT

### INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32. (hereinafter "MCCCDA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS
### PLAINTIFFS

4. Plaintiffs Julie M. and Todd M. Adams reside at 10 Eddy Street, Orange, MA 01364. They jointly own the property.

5. On or about June 22, 2004 Plaintiffs Adams obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiffs Adams received or signed the following documents:
   1. A note in the principal amount of $144,000;
   2. A mortgage;
   3. A Truth in Lending statement;
   4. A notice of right to cancel, attached as Exhibit 1;
   5. A One Week Cancellation Period form; attached as Exhibit 2; and
   6. A HUD-1 Settlement Statement.

7. On or about June 5, 2007 Plaintiffs Adams exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

8. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiffs received accurate disclosures under the TILA.

2

## DEFENDANT

9. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

10. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

11. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

12. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

13. Defendant Washington Mutual Bank is a federally chartered savings association with its headquarters in Seattle, Washington. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Comapny, including Plaintiffs Julie M. and Todd M. Adams.

## COUNT I

### TRUTH IN LENDING ACT AND THE MCCDA

13. Plaintiffs incorporate ¶¶ 1-13 as if fully set out herein.

14. Because the refinance transaction referenced herein was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the *Right To Cancel* provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23 and the corresponding provisions of the MCCCDA. To ensure that home owner borrowers are aware of

these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

15. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor deliver to each person entitled to rescind two copies of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

16. More specifically, the Regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind** (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and **shall clearly and conspicuously disclose the following:**
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
> (ii) The consumer's right to rescind the transaction.
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> (iv) The effects of rescission, as described in paragraph (d) of this section.
> (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)(Emphasis added)

## DEFECTIVE NATURE OF DISCLOSURES

### Incomplete Notices

17. The copies of the notice of right to cancel actually delivered by the Defendant in connection with Plaintiffs Adams' mortgage refinance loan were incomplete and therefore, defective in that they did not state the date of the transaction and the date of the expiration of the rescission period, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23(b)(1)(v) and the corresponding provisions of the MCCCDA.

18. Defendant Ameriquest failed to deliver to the Plaintiffs a clear and conspicuous notice of their right to cancel in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23(b)(1)(v) and the corresponding provisions of the MCCCDA, therefore, Plaintiffs Adams are entitled to rescind their mortgage.

### One Week Form

19. Plaintiffs Adams allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see Exhibit 2) detracts from and obfuscates the Notice of Right to Cancel (see Exhibit 1) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

20. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time.

The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635, 12 C.F.R. § 226.23 and the corresponding provisions of the MCCCDA.

21. Further the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Christopher M. Lefebvre
CLAUDE LEFEBVRE
CHRISTOPHER LEFEBVRE, P.C.
Two Dexter Street
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Chris@lefebvrelaw.com

**JURY DEMAND**

Plaintiffs demand trial by jury

/s/Christopher M. Lefebvre

# EXHIBIT 1

# NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE: June 22, 2004
LOAN NO.: 0076524206 - 7399
TYPE: ADJUSTABLE RATE

BORROWER(S): Julie M Adams    Todd M Adams

ADDRESS:           10 EDDY ST
CITY/STATE/ZIP:    ORANGE, MA 01364

PROPERTY:   10 Eddy Street
            Orange, MA 01364

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is    ENTER DOCUMENT SIGNING DATE
   or
2. The date you received your Truth in Lending disclosures;
   or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company         ATTN:  FUNDING
1600 S Douglass Rd                  PHONE: (714)634-3494
Anaheim, CA 92806                   FAX:   (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of    ENTER FINAL DATE TO CANCEL

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____          _____
SIGNATURE                               DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

_____ _____    _____ _____
BORROWER/OWNER Julie M Adams    Date      BORROWER/OWNER Todd M Adams    Date

_____ _____    _____ _____
BORROWER/OWNER                  Date      BORROWER/OWNER                 Date

1054-NRC (Rev 01/04)  
0000007652420604000050101

BORROWER COPY

06/22/2004 3:27:29 PM

# EXHIBIT 2

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0076524206 - 7399  
Date: June 22, 2004

Borrower(s): Julie M Adams  
Todd M Adams

You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason. This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you**. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

Ameriquest Mortgage Company  
1600 S Douglass Rd Anaheim, CA 92806  
ATTN: Funding Department  
Phone: (714)541-9960  
Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_____   _____  
Borrower/Owner   Julie M Adams                                    Date

_____   _____  
Borrower/Owner   Todd M Adams                                     Date

_____   _____  
Borrower/Owner                                                    Date

_____   _____  
Borrower/Owner                                                    Date

**REQUEST TO CANCEL**  
I/We want to cancel loan #_____.

_____   _____  
Borrower/Owner Signature                                          Date


0000007652420604220101

850 (10/00)

06/22/2004 3:27:29 PM  
BORROWER COPY

# EXHIBIT 3



FAMILY AND CONSUMER LAW CENTER

CHARLES E. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

ATTORNEYS & COUNSELORS AT LAW

Ameriquest Mortgage Company                    June 8, 2007
1100 Town and Country Road
Suite 1200
Orange, CA 92868

Re: Notice of Rescission by Julie M. and Todd Adams of 10 Eddy Street, Orange, MA 01364, Loan Number: 0076517796; Closing Date 06/22/2004

To Whom It May Concern:

    I represent Julie M. and Todd Adams concerning the mortgage loan transaction they entered into with Ameriquest Mortgage Company on June 22, 2004. Please be advised that I have been authorized by my clients to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass G.L. ch. 140D and 209 C.M.R. part 32.

    The primary basis for the rescission is that Mr & Mrs. Adams were given incomplete and therefore, inaccurate notice of their right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23 and the Massachusetts counterparts.

    The security interest held by Ameriquest Mortgage Company on the Adams's property located at 10 Eddy Street, Orange, MA is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my clients all monies paid and to take action necessary and appropriate to terminate the security interest.

                                                Very truly yours,
                                               Julie M. and Todd Adams,
                                               By their Attorney,

                                               Christopher M. Lefebvre
                                               P. O. Box 479
                                               Pawtucket, RI 02862

CERTIFIED MAIL-RETURN RECEIPT REQUESTED
cc: Julie M. and Todd Adams
    Julie Taylor Moran at Barron & Stadfeld, P.C.

TWO DEXTER STREET, P.O. BOX 479    PAWTUCKET, RI 02862    PHONE (401) 728-6060    FAX (401) 728-6534