**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Julie M. Adams, et al. v. Ameriquest Mortgage Co., et al.*; Case No. C.A. 08-cv-00180 | |

<u>**DEFENDANT WM SPECIALTY MORTGAGE, LLC'S (ERRONEOUSLY SUED AS WASHINGTON MUTUAL BANK) ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**</u>

Defendant WM SPECIALTY MORTGAGE, LLC. (erroneously sued as WASHINGTON

MUTUAL BANK) ("Defendant"), by and through its attorneys, answers Plaintiffs JULIE M. and

TODD M. ADAMS ("Plaintiffs")  Amended Complaint as follows.

<u>**AMENDED COMPLAINT**</u>

<u>**INTRODUCTION**</u>

1.      This action seeks redress against Ameriquest Mortgage Company for violations of

the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve

Board Regulation Z, 12 C.F.R. part 226.23 and it's Massachusetts counterparts, Massachusetts

Consumer Credit cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32, (hereinafter

"MCCCDA").

**<u>ANSWER:</u>**      **Defendant admits that Plaintiffs have filed a lawsuit.  Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.*, or Regulation Z, 12 C.F.R. part 226.23 or any state law.  Defendant denies any remaining allegations of paragraph 1.**

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1640 (TILA), and 28 U.S.C. §§ 1331 (general jurisdiction), 1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:**      **Defendant does not dispute subject matter jurisdiction.  Defendant denies any remaining allegations of paragraph 2.**

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District.  Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

**ANSWER:**      **Defendant does not dispute venue.  Defendant denies any remaining allegations of paragraph 3.**

## PARTIES AND FACTS

## PLAINTIFFS

4.      Plaintiffs Julie M. and Todd M. Adams reside at 10 Eddy Street, Orange, MA 01364.  They jointly own the property.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and on that basis denies such allegations.**

5.      On or about June 22, 2004 Plaintiffs Adams obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation.  All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and on that basis denies such allegations.**

6.      In connection with the transaction, Plaintiffs Adams received or signed the following documents:

1.      A note in the principal amount of $144,000;

2.      A mortgage;

3.      A Truth in Lending statement;

4.      A notice of right to cancel, attached as <u>Exhibit 1</u>;

5.      A One Week cancellation Period form; attached as <u>Exhibit 2</u>; and

6.      A HUD- 1 Settlement Statement.

**<u>ANSWER:</u>      The referenced documents speak for themselves; therefore no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and on that basis denies such allegations.**

7.      On or about June 5,2007 Plaintiffs Adams exercised their extended right to rescind the loan for violations of TILA.  A notice of rescission was sent to Ameriquest.  A copy of the notice is attached as <u>Exhibit 3</u>.

**<u>ANSWER:</u>      The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and on that basis denies such allegations.**

8.      Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiffs received accurate disclosures under the TILA.

**<u>ANSWER:</u>      Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and on that basis denies such allegations.  Defendant denies that Plaintiffs are entitled to rescind the loan.**

9.      Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

**<u>ANSWER:</u>      Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and on that basis denies such allegations.**

10.    Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and on that basis denies such allegations.**

11.    Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and on that basis denies such allegations.**

12.    Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and on that basis denies such allegations.**

13.    Defendant Washington Mutual Bank is a federally chartered savings association with its headquarters in Seattle, Washington.  Upon information and belief; it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, including Plaintiffs Julie M. and Todd M. Adams.

**ANSWER:**    **Defendant admits that Washington Mutual Bank is a federally chartered savings association, and that Seattle is the location of Washington Mutual Bank's principal administrative offices.  Defendant admits that it, and not Washington Mutual Bank, holds legal title to some loans originated by Ameriquest Mortgage Company, including Plaintiffs.'   Defendant denies the remaining allegations of paragraph 13.**

BN 2238284v1

## COUNT I

## TRUTH IN LENDING ACT AND THE MCCDA

14.     Plaintiffs incorporate ¶IJ 1-13 as if fully set out herein.

**ANSWER:    Defendant incorporates its responses to paragraphs 1-13 in response to this paragraph.**

15.     Because the refinance transaction referenced herein was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the *Right To Cancel* provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23 and the corresponding provisions of the MCCCDA.  To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately.  More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.**  (15 U.S.C. § 1635(a).)

Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements.  The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor deliver to each person entitled to rescind two copies of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If and answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

16.     More specifically, the Regulation provides:

> **In a transaction subject to rescission, <u>a creditor shall deliver two copies of the notice of the right to rescind</u> to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in**

- 5 -

**§ 226.36(b)).  The notice shall be on a separate document that identifies the transaction and <u>shall clearly and conspicuously disclose the following</u>:**

**(i)      The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(ii)     The consumer's right to rescind the transaction.**

**(iii)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(iv)    The effects of rescission, as described in paragraph (d) of this section.**

**(v)     The date the rescission period expires.  (12 C.F.R. § 226.23 (b)(l).)(Emphasis added)**

<u>**ANSWER:**</u>    **Because this paragraph states legal conclusions, no answer is required.  If and answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

<u>**DEFECTIVE NATURE OF DISCLOSURES**</u>

**Incomplete Notices**

17.    The copies of the notice of right to cancel actually delivered by the Defendant in connection with Plaintiffs Adams' mortgage refinance loan were incomplete and therefore, defective in that they did not state the date of the transaction and the date of the expiration of the rescission period, in violation of 15 U.S .C. § 1635 and 12 C.F.R. §226.2 3 (b)(1)(v) and the corresponding provisions of the MCCCDA.

<u>**ANSWER:**</u>    **Because this paragraph states legal conclusions, no answer is required.  If and answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

18.    Defendant Ameriquest failed to deliver to the Plaintiffs a clear and conspicuous notice of their right to cancel in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23(b)(1)(v) and the corresponding provisions of the MCCCDA, therefore, Plaintiffs Adams are entitled to rescind their mortgage.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## One Week Form

19.    Plaintiffs Adams allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see <u>Exhibit 2</u>) detracts from and obfuscates the Notice of Right to Cancel (see <u>Exhibit 1</u>) since it suggests that the consumer has seven days to rescind under TILA, which is not the case.  The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

20.    The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time.  The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635, 12 C.F.R. § 226.23 and the corresponding provisions of the MCCCDA.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.   If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

21.    Further the "one week" cancellation notice is misleading, as the period given is actually only six days long.  Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient**

**to form a belief as to the truth of the matters asserted in this paragraph and on that basis denies such allegations.**

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants as follows:

1.    A declaration that Plaintiffs are entitled to rescind;

2.    Rescission of the loan;

3.    Statutory damages;

4.    Attorney's fees, litigation expenses and costs.

5.    Such other relief as the Court deems appropriate.

**ANSWER:    No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.    Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.    Plaintiffs' claims are barred by the applicable statute of frauds.

6.    Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.    Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.    Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.      Dismiss plaintiffs' Complaint;

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

- 9 -

Respectfully submitted,

DATED:  September 4, 2008          By:  /s/ Bernard E. LeSage
                                        *Attorneys for WM SPECIALTY*
                                        *MORTGAGE, LLC*

                                   Bernard E. LeSage, Esq.
                                   Sarah K. Andrus, Esq.
                                   BUCHALTER NEMER, a P.C.
                                   1000 Wilshire Boulevard, Suite 1500
                                   Los Angeles, CA 90017-2457
                                   Telephone: (213) 891-0700
                                   Facsimile: (213) 896-0400

BN 2238284v1

## **CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 4th day of September 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:     /s/  Bernard E. LeSage